## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:      ETHICON, INC.,
            PELVIC REPAIR SYSTEM
            PRODUCTS LIABILITY LITIGATION              MDL No. 2327

THIS DOCUMENT RELATES TO:

*Vitkauskas, et al. v. Ethicon, Inc., et al.*                    Civil Action No. 2:14-cv-05177

### ORDER

Pending before the court is Ethicon, Inc., Ethicon LLC, and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [ECF No. 16]. Ethicon served the plaintiffs, via certified mail, with this motion on January 2, 2016, as indicated by the proof of service filed on January 21, 2016. [ECF No. 17]. The plaintiffs have not responded, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, Ethicon's Motion for Sanctions [ECF No. 16] is **GRANTED in part and DENIED in part**.

### I.      Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending, approximately 30,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers

under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL. The instant plaintiffs, however, did not comply with PTO # 17 in that they wholly failed to submit a completed PPF. On this basis, Ethicon now moves for the court to order the plaintiffs to provide a completed PPF to Ethicon within 30 days of the entry of this order and advise the plaintiffs that failure to comply with this order will result in dismissal with prejudice.

## II.    Legal Standard

Federal Rule of Civil Procedure 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37 provides that where a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including orders dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

Case management is particularly important in MDLs. Pretrial orders such as PTO #17 "provide[] some necessary order and clarity to the pre-trial process without burdening plaintiff unduly." *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985) (upholding a district court's dismissal of an asbestos case for failure to comply with a pretrial discovery order). In an MDL

containing thousands of individual cases, I must strictly enforce rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1229, 1232 (9th Cir. 2006) ("Case management orders are the engine that drives disposition on the merits [in MDLs].").

## III.    Discussion

Pursuant to PTO # 17, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. (PTO # 17 ¶ 1b). The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 17 provided that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (PTO # 17 ¶ 1i).

I am cognizant of the difficulties that are presented by the plaintiffs not being represented by counsel at this time. The pro se litigants, however, are not immune from sanctions for failing to comply with court orders. "Pro se litigants are entitled to some deference from courts…But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (internal citations omitted).

Here, the plaintiffs filed the complaint on January 28, 2014, and the PPF was due to Ethicon by March 29, 2014. By mutual agreement, the plaintiffs had an extended period until April 10, 2014 to file a PPF. As of the date of this Order, the plaintiffs have not submitted a PPF, making it more than 698 days late. Accordingly, pursuant to PTO # 17, Ethicon seeks remedy from the court for this discovery failure in the form of a court order requiring the plaintiffs to submit a completed PPF to Ethicon within 30 business days of the entry of this order. Ethicon also asks the plaintiffs be advised that failure to comply with this order will result in dismissal with prejudice. I conclude that is just, pursuant to Rules 16 and 37(b)(2), to afford the plaintiff one more chance to comply with discovery before further sanctions are imposed.

## IV.    Conclusion

It is **ORDERED** that Ethicon's Motion for Sanctions [ECF No. 16] is **GRANTED in part and DENIED in part**. It is further **ORDERED** that the plaintiffs have **30 business days** from the entry of this Order to submit to Ethicon a completed PPF. The plaintiffs are reminded that the PPF and other forms relevant to participating in this MDL are available at www.wvsd.uscourts.gov/MDL/ethicon/forms.html. Information on where to submit the PPF is also available on the court's website. **The plaintiffs are warned that failure to comply with this Order will result in sanctions and may result in dismissal with prejudice upon motion by the defendants.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the plaintiff via certified mail, return receipt requested to the following address:

> Rebecca and Paul Vitkauskas
> 8844 Hiddenspring Way
> Elk Grove, CA 95758-6153

ENTER:       March 7, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE